IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLIED SERVICES DIVISION WELFARE FUND, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>   Defendant. | No. 3:12-cv-766-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion to Transfer, Stay, or Dismiss this action brought by Defendant Merck & Co., Inc. ("Merck") pursuant to the "first-filed" or "first-to-file" rule or, alternatively, pursuant to 28 U.S.C. § 1404(a) (Doc. 18). Plaintiff Allied Services Division Welfare Fund ("the Fund") has responded to the motion (Docs. 26 & 31).

**I. Background**

This case involves allegations that Merck wrongfully offered customers discount coupons for its brand-name prescription drugs that effectively negated the Fund's efforts to steer its members into using therapeutic alternatives that were cheaper for the Fund. Essentially, Merck was erasing the incentive for the Fund's members to seek lower cost alternative treatments. The Fund filed this suit on July 6, 2012, on behalf of a putative plaintiff class of private health benefit providers.

Earlier this year, on March 7, 2012, another employee welfare fund filed a class action lawsuit in the District Court for the District of New Jersey on behalf of private health benefit providers and making identical allegations against Merck. *See Plumbers & Pipefitters Local 572 Health & Welfare Fund v. Merck & Co., Inc.*, No. 3:12-cv-01379-MAS-LHG (D.N.J.). Again on

June 15, 2012, a third employee welfare fund filed a class action based on the same alleged wrongful conduct by Merck (although asserting different legal theories), also in the District of New Jersey and on behalf of the same putative class. *See United Food & Commercial Workers Int'l, Local 464A Health & Welfare Fund v. Merck & Co., Inc.*, No. 3:12-cv-03652-MAS-LHG (D.N.J.). The presiding judge has informally consolidated *Plumbers* and *United Food* for the purposes of briefing a motion to dismiss filed by Merck, which is due to be fully briefed on November 30, 2012. *See Plumbers*, 3:12-cv-01379-MAS-LHG, Doc. 40 (D.N.J. Sept. 7, 2012).

Merck asks the Court to dismiss, stay or transfer this action based on the "first-filed" rule, which it believes creates a presumption that, where duplicate cases are filed, the first filed should be allowed to proceed and the second should be abated. *See Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). It argues that the Fund's counsel (although not acting on behalf of the Fund at the time) admitted in proceedings before the Judicial Panel on Multidistrict Litigation that the District of New Jersey is the most convenient forum for the cases brought against Merck. Merck also believes that the District of New Jersey is more convenient to the parties (Merck is headquartered in New Jersey) and witnesses, is the cite of many relevant events, is better suited to obtaining evidence than the Southern District of Illinois, and is, in the interests of justice, the appropriate forum to hear this case. It argues that the Fund's sales within the Southern District of Illinois (such sales occur in numerous districts) and its choice of forum (not its own home forum) do not outweigh the factors favoring a transfer to the District of New Jersey.

In response, the Fund argues that any "first-filed" rule requiring dismissal of a later-filed action should not be rigidly applied but instead applied in the discretion of the Court after consideration of the differences in the suits and any special factors that counsel for or against

applying the rule. It further argues that a transfer pursuant to § 1404 is inappropriate because venue is proper in the Southern District of Illinois, the Fund chose to bring the suit in the Southern District of Illinois, Merck's conduct targeted some Illinois consumers, and the District of New Jersey is not clearly more convenient than the Southern District of Illinois in light of the inconveniences of litigating a multi-state case in any forum. It further argues the interests of justice favor keeping the case in the Southern District of Illinois because this Court is familiar with federal law, statistics suggest the case is more likely to proceed more quickly in this district, and the Court has an interest in protecting the citizens within its district. In the alternative, the Fund suggests a stay of this action pending a decision on anticipated motions to dismiss in the *Plumbers* case.

## II.     Analysis

The Court begins with the "first-to-file" rule. The Court of Appeals for the Seventh Circuit has most recently addressed this doctrine in *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973 (7th Cir. 2010). In that case, the court provided explicit guidance in the situation where "two parties file identical lawsuits, each a mirror-image of the other, in different federal districts." *Id.* at 975.[1] It held that the "first-to-file" rule did not *control* a district court's decision to transfer, enjoin or dismiss a case based solely on which of two suits was filed first. *Id.* at 980. On the contrary, it held the order of filing does not create a preference for the forum in which the first case was filed and, instead, is only one of many factors to consider in a traditional transfer analysis under § 1404(a). *Id.* at 982.

Under § 1404(a), a district court may transfer a civil action to any other district where the

---

[1] *Research Automation* involved mirror- image lawsuits, but the same principles apply with equal force to identical lawsuits.

3

action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The decision to transfer a case is left to the discretion of the district court.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Research Automation*, 626 F.3d at 977-78;  *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general.  *Stewart*, 487 U.S. at 29-30;  *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622).  The Court may also consider the location of the relevant events and the access to evidence provided by each potential forum.  *Research Automation*, 626 F.3d at 978.  It must also give some weight in favor of the forum in which the plaintiff chose to file the complaint.  *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)*; Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).  "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Coffey*, 796 F.2d at 219-20.

Notwithstanding the convenience analysis, the Court may grant or deny a transfer request in the interest of justice.  *Id.* at 220;  *Van Dusen*, 376 U.S. at 625.  "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."  *Coffey*, 796 F.2d at 221;  *accord Van Dusen*, 376 U.S. at 626-27.  Those factors include where the litigants are more likely to receive a speedy trial, which court is more familiar with the relevant law, the comparative desirability of resolving the conflict in a particular district, and the relationship of each of the districts to the controversy.  *Id.*

In this case, the convenience factor slightly favors a transfer to the District of New Jersey. Although venue is proper in the Southern District of Illinois because the Fund has participants within this district who presumably have used the drug discount programs offered by Merck, the Fund itself is not located here. Its headquarters is in Arlington Heights, Illinois, in the Northern District of Illinois. In light of the convenience of air travel, it is not appreciably less convenient to travel to New Jersey from Arlington Heights than it is to travel more than 300 miles by car to Benton, Illinois, where the Court sits (and which is more than 100 miles from the nearest major airport). Furthermore, a substantial number of witnesses and sources of evidence in this case relating to the drug discount program are likely to be in New Jersey, where Merck has its headquarters. Other major witnesses and sources of evidence about the agreements between the Fund and Merck are likely to be in Arlington Heights in the Northern District of Illinois or in New Jersey. Only a few witnesses and a minuscule portion of the evidence, if any, that will likely be used in this case are located in the Southern District of Illinois. The Court gives some weight to the Fund's decision to file this lawsuit in the Southern District of Illinois, but that weight is diminished in light of the scarcity of connections between the dispute and this district. All things considered, the convenience factor weighs slightly in favor of a transfer to the District of New Jersey.

The interests of justice, however, strongly weigh in favor of a transfer. The Court does not give much weight to statistics regarding the length of time it takes a case to go to trial in each district. Such statistics often have more to do with the type of cases filed in each district than the expediency of a particular court with respect to a particular case. The Court is confident that the District of New Jersey, which is already farther along in the first-filed *Plumbers* case dealing with identical issues, will afford the Fund an efficient resolution of its case. Furthermore, because of

the *Plumbers* case, the District of New Jersey is more likely to be familiar with the law applicable to this case; it would be inefficient for this Court to go over ground the District of New Jersey has already plowed.  Additionally, should *Plumbers* be certified as a class action as proposed, the Fund would be subsumed in the proposed class, and the case at bar would be completely duplicative.  Finally, as noted above, the Southern District of Illinois is only tangentially related to the controversy in this case, while the District of New Jersey has a strong interest in the conduct of businesses located within its borders.  In light of these factors, the Court finds that the efficient administration of the court system counsels strongly in favor of a transfer to the District of New Jersey and warrants a transfer despite the only slightly greater convenience of the District of New Jersey forum.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Merck's motion to transfer (Doc. 18) and **DIRECTS** the Clerk of Court to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice.

**IT SO ORDERED.**
**DATED:  November 9, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**